IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **EDDIE PERKINS,** | § | |
| Plaintiffs, | § | |
| V. | § | |
| | § | |
| **HEB MANAGEMENT TEAM,** *Round* | § | A-25-CV-1175-ADA-ML |
| *Rock;* **HEB MANAGEMENT TEAM,** | § | |
| *Austin;* **HEB MANAGEMENT TEAM,** | § | |
| *Austin Travis*, | § | |
| Defendants. | § | |

**ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS**

TO THE HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE:

The Magistrate Judge submits this Report and Recommendation to the United States District Judge pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

  **I.**  **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination the action should be

dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Judge's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

**II.     STANDARD OF REVIEW**

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless

litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### III.     REVIEW OF THE MERITS OF THE CLAIM

Plaintiff Eddie Perkins brings this suit against HEB Management Teams at three different locations. Dkt. 1 (Compl.) at 2. Accordingly, the court construes this as a suit against HEB itself. He states his claim is for "discrimination/harassment/retaliation/mental anguish" and he seeks $15,000 in damages. *Id*. at 4; Dkt. 1-1 at 1.

He describes that while he was shopping, he was followed by a manager who asked if he needed anything. *Id*. at 4. He told the manager "no," and the manager followed him again. *Id*. He states he went "to the customer service desk for a return" and the manager appeared and asked him what he was returning. *Id*. He states he "asked what do you mean and she said that the only reason people come to customer service." This ends the factual basis for his Complaint. *Id*.

Perkins does not plead any plausible claim against Defendants. FED. R. CIV. P. 8; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). He describes an interaction he had at one HEB location, but his Complaint identifies three locations where he was allegedly harassed. Even assuming the interaction he described could be construed as harassment, he identifies no characteristics about himself that suggests the harassment was based on an improper motive. Finally, he describes no antecedent action on which a retaliation claim could be based. Accordingly, the undersigned recommends that Perkins's Complaint be dismissed as frivolous. *See Neitzke*, 490 U.S. at 327-28.

### IV.     ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 2).

Under 28 U.S.C. § 1915(e)(2)(B), the Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITH PREJUDICE** Perkins's Complaint.

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### V.   WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED August 8, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE